UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00506-KES-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF 90 DAYS TO IDENTIFY DEFENDANT JOHN DOES** |

Plaintiff Paul Roberts is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Following screening, this action proceeds on the following claims as asserted in Plaintiff's first amended complaint: (a) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants CIM Warden, Delgadillo, and Gilman (claim one); (b) Eighth Amendment failure to protect claims against Defendants CIM Warden, Delgadillo, Farooq, Gilman, Lemus, and Torres (claim two); (c) Eighth Amendment failure to protect claims against Defendants Gonzales and Pilkerton (claim three); (d) an equal protection violation against Defendant Pilkerton (claim three); (e) a due process violation against Defendant Pilkerton (claim three); (f) Eighth Amendment excessive force claims against Defendants John Doe #1 and John Doe #2 (claim four); and (g) an Eighth Amendment failure to intervene claim against Defendant

1  Pilkerton (claim four). (*See* Doc. 25.)

2  Following service of process, on November 22, 2023, Defendants Houston,[1] Gilman, Delgadillo, Lemus, Farooq, Torres, Pilkerton, and Gonzales filed a motion to partially dismiss Plaintiff's first amended complaint. (Doc. 34.) Plaintiff opposed (Doc. 36) and Defendants replied (Doc. 37).

Service of process has not occurred regarding John Does #1 and #2 and thus no appearance has been entered on these individuals' behalf.

## II.   DISCUSSION

Relevant here, Plaintiff's operative first amended complaint indicates John Doe #1 and John Doe #2 are employed as correctional officers at Corcoran State Prison (CSP). (Doc. 20 at 4.) Plaintiff's claim against John Doe #1 and John Doe #2 alleges excessive force in violation of the Eighth Amendment. (*Id*. at 19-20; *see also* Doc. 24 at 22-27 & Doc. 25.)

Plaintiff is advised the United States Marshal Service cannot serve Doe defendants. Therefore, the Court will not require service on these defendants at this time. Plaintiff will be required to identify John Doe #1 and John Doe #2 with enough information to locate these defendants for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

Given the appearance of Defendants Houston, Gilman, Delgadillo, Lemus, Farooq, Torres, Pilkerton, and Gonzales in this action, Plaintiff should seek to discover the identities of John Doe #1 and John Doe #2 from those Defendants to the extent possible. In the event Plaintiff is now able to identify the John Doe #1 and John Doe #2 by actual name, he may submit a notice of substitution, providing the actual name for each Doe defendant, asking the Court to substitute the individual's name for the previous Doe defendant designation. If, however, Plaintiff is unable to submit a notice of substitution at this time, limited discovery appears warranted.[2]

---

[1] Defendant Houston was served as the warden at the California Institution for Men. (*See* Doc. 34, n.1.)

[2] Plaintiff is advised that "limited discovery" means this order is limited to discovery concerning the identities of John Doe #1 and John Doe #2. Regular discovery has not yet begun. The Court has not yet issued a Discovery and Scheduling Order in this action that would open discovery and set relevant discovery deadlines. The Court typically

2

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is not clear that discovery would not uncover the identity of John Doe #1 or John Doe #2, nor it is clear that Plaintiff's first amended complaint would be dismissed on other grounds.[3] Thus, Plaintiff should be afforded an opportunity to discover the identities of these John Doe defendants through limited discovery.

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas, which are the mechanism for obtaining discovery and testimony from nonparties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). "Although Rule 45(a)(3) provides that '[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it,' the subpoena is subject to the relevance requirements set forth in Rule 26(b) and may require the production of documents which are 'nonprivileged' and 'relevant to any party's claim or defense and proportional to the needs to the case.'" *Cortinas v. Vasquez*, No. 1:19-cv-00367-JLT-SKO (PC), 2022 WL 1053298, at *1 (E.D. Cal. Apr. 7, 2022) (quoting Fed. R. Civ. P. 26(b)(1)); *Ross v. Steinwand*, No. CV 14-5291-RGK (KES), 2015 WL 13916191, at *1 (C.D. Cal. Sept. 3, 2015) ("A pro se plaintiff's ability to obtain a subpoena commanding the production of documents from a non-party is subject to certain limitations. The Court will not issue a subpoena unless the documents sought from the non-party are not otherwise available to the plaintiff or cannot be obtained from the defendant through a request for the production"). "Plaintiff is not an attorney and pro se litigant status does not equate to that of an attorney authorized to practice law. Therefore, Plaintiff may not issue and sign a subpoena." *Id.* (citations omitted); *see also Alcon v.*

---

issues such an order once all parties have filed an answer to the operative complaint and only after any early settlement conference proceedings have concluded.

[3] The undersigned acknowledges Defendants have filed a motion to dismiss; however, the motion is pending final resolution as of this date.

*Bright*, No. 14-CV-01927-SI, 2015 WL 5559896, at *2 (N.D. Cal. Sept. 18, 2015) ("As a pro se litigant, plaintiff needs the Court's Clerk to issue a subpoena").

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

### III.     CONCLUSION AND ORDER

Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to file a notice of substitution if he is presently able to identify John Doe #1 and John Doe #2, and/or to discover the names of the two John Doe defendants, through subpoena or otherwise, and to substitute these defendants' actual names by filing a notice of substitution following limited discovery. *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of John Doe #1 and John Doe #2, the Court will recommend dismissal, without prejudice, of those individuals.

IT IS SO ORDERED.

Dated:   **August 1, 2024**

UNITED STATES MAGISTRATE JUDGE