UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ROBERTS,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00506-KES-CDB (PC)<br><br>**ORDER GRANTING SUBSTITUTION OF PARTIES**<br><br>(Doc. 42)<br><br><u>Clerk of the Court to Terminate a Defendant</u> |

Plaintiff Paul Roberts is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Following screening of Plaintiff's first amended complaint, this action proceeds on the following claims: (a) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants CIM Warden, Delgadillo, and Gilman (claim one); (b) Eighth Amendment failure to protect claims against Defendants CIM Warden, Delgadillo, Farooq, Gilman, Lemus, and Torres (claim two); (c) Eighth Amendment failure to protect claims against Defendants Gonzales and Pilkerton (claim three); (d) an equal protection violation against Defendant Pilkerton (claim three); (e) a due process violation against Defendant Pilkerton (claim three); (f) Eighth Amendment excessive force claims against Defendants John Doe #1 and John Doe #2 (claim four); and (g) an Eighth Amendment failure to intervene claim against Defendant Pilkerton

(claim four). (*See* Doc. 25.)

Following service of process,[1] on November 22, 2023, Defendants Houston,[2] Gilman, Delgadillo, Lemus, Farooq, Torres, Pilkerton, and Gonzales filed a motion to partially dismiss Plaintiff's first amended complaint. (Doc. 34.) Plaintiff opposed (Doc. 36) and Defendants replied (Doc. 37).

On August 1, 2024, the undersigned issued an Order Granting Plaintiff 90 Days to Identify Defendant John Does. (Doc. 39.)

On August 12, 2024, the undersigned issued Findings and Recommendations to Grant in Part, and Deny in Part, Defendants' motion to partially dismiss Plaintiff's first amended complaint. (Doc. 40.) Defendants filed objections on August 26, 2024. (Doc. 41.) The Findings and Recommendations remain pending before District Judge Kirk E. Sherriff.

On October 1, 2024, Plaintiff filed a Notice of Substitution. (Doc. 42.)

**II.   DISCUSSION**

Plaintiff seeks to substitute California State Prison, Corcoran correctional officers G.S. Covert for John Doe #1 and A. Parra for John Doe #2 in this action. (Doc. 42.)

Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

> (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

//

---

[1] Service of process regarding defendant John Does #1 and #2 has not yet been ordered.

[2] Defendant Houston was served as the warden at the California Institution for Men. (*See* Doc. 34, n.1.)

Although Plaintiff did not submit a proposed amended complaint identifying the defendants by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, the August 1, 2024, Order Granting Plaintiff 90 Days To Identify Defendant John Does did not require him to do so. (*See* Doc. 39.)

A review of Plaintiff's first amended complaint shows Plaintiff identifies John Does #1 and #2 with sufficient facts concerning their involvement in the alleged excessive force at issue. (*See* Doc. 24 at 22-26 [discussion re Claim Four][3].) Specifically, Plaintiff alleges the excessive force at issue—grabbing Plaintiff's shirt and violently and repeatedly slamming their fists into Plaintiff's shoulders in the absence of provocation—occurred on August 15, 2020, following a disciplinary hearing. (*Id.* at 22-23.) Thus, the filing of a second amended complaint to merely substitute the names of John Doe #1 and John Doe #2 is unnecessary.

Accordingly, the first amended complaint will remain the operative complaint in this action and the Court will substitute John Doe #1 and John Doe #2 for the named individual defendant Plaintiff identifies: G. S. Covert and A. Parra, respectively. *See, e.g.*, *Edwards v. California Department of Corrections and Rehabilitation*, No. 1:23-cv-01180-NODJ-SKO, 2024 WL 774952, at *2 (E.D. Cal. Feb. 26, 2024); *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021); *Altheide v. Williams*, No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nev. Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).

### III.   CONCLUSION AND ORDER

Accordingly, and for the reasons stated above**, IT IS HEREBY ORDERED** that:

1. Plaintiff's request to substitute John Does #1 and John Doe #2 (Doc. 42) is **GRANTED;**

---

[3] The Court notes Claim Four in Plaintiff's first amended complaint involves an excessive force claim involving John Doe #1 and John Doe #2, now identified as G. S. Covert and A. Parra, as well as a related failure to intervene claim against Defendant Pilkerton. As specifically concerns Defendant Pilkerton, the undersigned previously recommended Defendants' motion to dismiss Plaintiff's first amended complaint involving this claim against Defendant Pilkerton be denied. (*See* Doc. 40 at 19-20.) And as noted above, the Findings and Recommendations issued August 12, 2024, remain pending before the assigned district judge. The Court will consider the propriety of severing any remaining claims involving the California Institute for Men (CIM) Defendants from those involving the California State Prison, Corcoran (CSP-COR) Defendants once the assigned district judge has issued his ruling on Defendants' motion to dismiss.

2. The Clerk of the Court is **DIRECTED** to add **G. S. Covert**, correctional officer, and **A. Parra**, correctional officer, to the docket caption for this action;

3. Limited discovery is now closed. The Court will issue a separate order regarding service of process of Defendants Covert and Parra in due course; and

4. The Clerk of the Court is further **DIRECTED** to terminate the "California Department of Corrections" as a defendant in this action and update the docket accordingly as Plaintiff's operative first amended complaint does not name the California Department of Corrections and Rehabilitation as a defendant.

IT IS SO ORDERED.

Dated:     **December 30, 2024**                              _____
                                                                                   UNITED STATES MAGISTRATE JUDGE