UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00506-KES-CDB (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>**July 15, 2025, at 10:00 a.m. via Zoom Video Conferencing** |

　　　　Plaintiff Paul Roberts is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Jeremy D. Peterson to conduct a settlement conference on July 15, 2025, at 10:00 a.m.  The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.

　　　　The Court expects that the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.  If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

　　　　In accordance with the above, **IT IS HEREBY ORDERED** that:

　　　　1. The case is set for a settlement conference before Magistrate Judge Jeremy D.

1

Peterson on July 15, 2025, at 10:00 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.

2. Unless otherwise permitted in advance by the court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms.

3. No later than one week prior to the settlement conference, each party must submit to Judge Peterson's chambers at jdporders@caed.uscourts.gov, or by mail at U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814, a confidential settlement conference statement. These statements should neither be filed on the docket nor served on any other party. The statements should be marked "CONFIDENTIAL" and should state the date and time of the conference. The statements should not be lengthy but should include:

   a. A brief recitation of the facts;
   b. A discussion of the strengths and weaknesses of the case;
   c. An itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;
   d. Your best estimate of the probability that plaintiff will obtain a finding of liability should this case proceed to trial, in percentage terms;
   e. Should this case proceed to trial and defendant be found liable, please provide the following, in specific dollar terms:
      i. A realistic high-end recovery estimate (i.e., realistic best- or worst-case scenario);
      ii. A realistic low-end recovery estimate (i.e., realistic worst- or best-case scenario); and
      iii. A best estimate of the most likely outcome;
   f. A history of settlement discussions, including:
      i. A statement of your expectations for settlement discussions;

      ii. A listing of any past and present settlement offers from any party (including all terms); and

      iii. Whether your party would consider making the opening offer or demand, and what that offer might be[1];

  g. A list of the individuals who will be participating in the settlement conference on your party's behalf, including each participant's name and, if appropriate, title;

  h. Plaintiff's anticipated release date;

  i. An estimate of restitution and fees, including court fees and filing fees, owed by plaintiff; and

  j. Identification of any related cases or of any other cases that the parties might wish to discuss at this settlement conference.

4. This case is **STAYED** through the date of the settlement conference.

IT IS SO ORDERED.

Dated: **April 25, 2025**　　　　　　　　　　　　　　　　　　　
UNITED STATES MAGISTRATE JUDGE

---

[1] Please note that Judge Peterson will consider this response, among others, in evaluating whether proceeding with a settlement conference appears worthwhile.